OPINION OF THE COURT
Leo F. Hayes, J.
Beatrice Howard was injured on the job on February 19, 1980. She also sustained injuries in an automobile accident on December 22, 1980.
American is the workers’ compensation carrier involved in her work-related claim. Merchants is the no-fault automobile insurance carrier.
Merchants started paying Howard no-fault benefits on January 8, 1981. At that time American was contesting Howard’s compensation claim. Later American was ordered to pay Howard workers’ compensation benefits.
Had American been paying compensation benefits from the start, Merchants could have deducted the amount of such payments from the amount it was paying in no-fault benefits. But since American was contesting the claim, no such deductions were made.
Merchants wants to recoup the extra money it was obliged to pay as no-fault benefits, and has applied for intercompany arbitration of the dispute pursuant to section 674 of the Insurance Law. American now moves for a *332 stay of arbitration claiming that a compensation provider cannot be compelled to participate as a respondent in the section 674 arbitration procedure.
American conceded that if it were trying to recover money from Merchants that it would be obliged to press its claim through arbitration. But American claims that the statute does not contemplate arbitration in cases where a no-fault insurer such as merchants is trying to recover from a compensation provider. Merchants argues that the statute mandates arbitration no matter whether the no-fault insurer or the compensation provider seeks the recovery.
The sole remedy of a no-fault insurer attempting to recover from another no-fault carrier is mandatory arbitration (Insurance Law, § 674, subds 1,2). The sole remedy of a compensation provider seeking to recover from a no-fault insurer is mandatory arbitration (Insurance Law, § 674, subd 4, pars [b], [c]). But the statute does not speak to the present situation, where a no-fault insurer seeks to recover from a compensation provider.
The Legislature spelled out in some detail the kinds of disputes that must be arbitrated. Had it intended to include the situation presently before the court, it would have been easy enough for the Legislature to have said so. The failure of the Legislature to include a particular matter is an excellent indication that its exclusion was intended (McKinney’s Cons Laws of NY, Book 1, Statutes, § 74). In such cases, the court is not at liberty to supply an omitted provision, for to do so would constitute judicial legislation (see, generally, McKinney’s Cons Laws of NY, Book 1, Statutes, §§ 73, 74).
The parties have referred to certain regulations propounded by the Superintendent of Insurance. The court will observe first that such regulations could not alter the scope of the parent statute, and, secondly, the cited regulations do not even purport to enlarge upon the statutory scheme of arbitration. The subject regulation (11 NYCRR 65.10 [a] [1]) provides that the mandatory arbitration procedures apply to “controversies arising out of accidents, insured events or occurrences within the jurisdiction of section 674 or 621-a(2) [renum 5221] of the Insurance *333 Law”. As we have seen, the former legislation does not encompass the present controversy, and the latter statute refers to disputes concerning the obligation to pay first-party benefits, which is not an issue in this case (American, the compensation provider, would of course not be responsible for first-party benefits).
One could make a good case for including the subject controversy within the statutory framework for mandatory arbitration. That result however will have to be effected by the legislative and not the judicial branch of government (NY Const, art III, § 1).
For the reasons stated above, the petitioner’s motion is granted.